IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| CATHERINE ROSE KELLY | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RODERICK P. ZICKLER, M.D., and | ) | |
| SPECIALTY SURGEONS, P.C., d/b/a | ) | Case No. 2:04-CV-295 |
| COSMETIC SURGERY ASSOCIATES. | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

The plaintiff's complaint in this medical malpractice action is before the Court on the defendants' motion for summary judgment. [Doc. 27]. Notably, the motion for summary judgment was filed on September 22, 2005. On October 24, 2005, the plaintiff filed a motion seeking additional time to respond to the motion for summary judgment. That motion was granted on November 21, 2005 by order permitting the plaintiff until November 23, 2005 within which to file a response. November 23, 2005 is now past, and no response has been filed by the plaintiff. Initially, the Court notes that, pursuant to Local Rule 7.2, the plaintiff's failure to respond, in and of itself, is sufficient grounds for the dismissal of the plaintiff's complaint, particularly where the plaintiff has sought, and was granted an extension of time within which to respond. Nevertheless, the Court will address the merits of the defendants' motion.

The defendants submit, and it is, of course, undisputed that the plaintiff received treatment in Tennessee from the defendants, and therefore, the law of the State of Tennessee

regarding medical malpractice claims applies. *Tenn. Code Ann*. § 29-26-115 provides that a plaintiff in a medical malpractice action has the burden of proving the "recognized standard of acceptable professional practice in the profession and the speciality thereof, if any, that the defendant practices . . .," "[T]hat the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard," and "as a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not have otherwise occurred." It is well settled in Tennessee jurisprudence that the elements established in *Tenn. Code Ann*. § 29-26-115 must be proven by the plaintiff through expert testimony. *Bailey v. Tasker*, 146 S.W. 3d 580, 588 (Tenn. Ct. App. 2004), *Hessmer v. Miranda*, 138 S.W. 3d 241 (Tenn. Ct. App. 2003).

Where the plaintiff is confronted by a summary judgment motion supported by the defendant's affidavit stating that, in his professional opinion, his actions did not violate the applicable standard of care or cause the complained of injury, the plaintiffs must produce their own opposing expert testimony or "face almost certain dismissal of their complaint because the defendant has effectively negated an essential element of their case." *Hessmer* at 244. "Without an opposing expert affidavit, the plaintiff cannot demonstrate the existence of a genuine factual dispute regarding whether the defendant breached the applicable standard of professional practice." *Id.*

In this case, the defendant, Dr. Zickler, has filed an affidavit on behalf of himself and the company by which he is employed, Specialty Surgeons, P.C., opining that he is familiar with the recognized standard of acceptable medical practice, that he complied with the recognized standard of acceptable medical practice, that no one employed by Specialty Surgeons, P.C. deviated from the standard, and that none of the plaintiff's injuries or damages were caused by, or were related to, the medical care and treatment provided by him and Specialty Surgeons, P.C. Therefore, Dr.

2

Zickler has negated essential elements of the plaintiff's case, deviation from the standard of care and causation, to which the plaintiff has failed to respond with any testimony contradicting the assertions made by Dr. Zickler.

For the foregoing reasons, it is hereby **ORDERED** that the defendants' motion for summary judgment is **GRANTED** and plaintiff's complaint is **DISMISSED** with prejudice. [Doc. 27]. It is further **ORDERED** that the defendants' motion for sanctions is **DENIED**. [Doc. 37].

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE